IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jeremy John Wells, # 223161, )<br>)<br>)  Petitioner, )<br>)<br>vs. )<br>)<br>~~South Carolina Department of~~ )<br>~~Corrections~~, )<br>Warden of Evans Correctional )<br>Institution, )<br>)<br>)<br>Respondent. )<br>) | Civil Action No. 6:15-703-MBS-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC").  The petitioner is serving concurrent five-year sentences for second-degree non-violent burglary (No. 2013-GS-42-1588), grand larceny (No. 2013-GS-42-1587), financial identity fraud (No. 2011-GS-42-4829), and forgery (No. 2011-GS-42-4828).  The petitioner's convictions were entered pursuant to guilty pleas on April 10, 2013.

       In an order (doc. 6) filed in this case on February 24, 2015, the undersigned directed the petitioner to submit an amended petition on the court-approved Section 2241 form and a motion for leave to proceed *in forma pauperis*.  The petitioner has done so.

       In the amended petition, the petitioner indicates that this Section 2241 habeas corpus action concerns the sentence calculation by the SCDC (doc. 9 at 2). According to the petitioner, his five-year sentences of April 10, 2013, were to run concurrently to each other and to run concurrently to a North Carolina sentence entered on February 3, 2012 (*id.* at 3).  The petitioner states that he has filed five Requests to Staff, a letter to the SCDC Director, and one formal grievance (in November 2014).  The

petitioner has not received a response to the grievance, even though the forty-five day standard response time and an additional ninety-day response time have expired (*id.* at 6). The petitioner contends that he cannot exhaust his grievance because the SCDC has not provided a response (*id.* at 7).

The petitioner raises one ground in the Section 2241 petition: the fourteen months of credit for time served is not being applied to his sentence (*id.* at 8). The petitioner states that the SCDC has calculated his sentence start date as April 10, 2013, with no credit for time served prior to that date (*id.*). As a result, the SCDC has calculated the petitioner's max-out date as February 2016 (*id.*). The petitioner, however, contends that he has already exceeded his "sentence" (max-out date) by three months (*id.*).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*). Even when considered under this less stringent standard, the amended Section 2241 petition is subject to summary dismissal.

The petitioner has not exhausted his state court remedies. The petitioner's grievance is still pending. Unlike civil rights actions under 42 U.S.C. § 1983 where failure to respond to a grievance does not preclude a civil rights action, *see Jones v. Bock*, 549 U.S. 199, 215–224 (2007) (failure to exhaust is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaints), petitioners in Section 2241 actions must exhaust their available state court remedies. *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under § 2241). The petitioner must await a decision on his grievance, file a step 2 appeal if necessary, appeal to the South

Carolina Administrative Law Court if necessary, and appeal if necessary to the South Carolina Court of Appeals to exhaust his grievance.  *See* SCDC Policy GA-01.12.

Also, there is no indication in the petition that the petitioner has availed himself of the option of filing an application for post-conviction relief.  The decision of the Supreme Court of South Carolina in *Al-Shabazz v. State,* 527 S.E.2d 742, 368 (S.C. 2000), and S.C. Code Ann. § 17-27-20(a)(5) (Westlaw 2015) permit a prisoner to exhaust a claim that his or her sentence has expired through the PCR process as opposed to the SCDC administrative process.  Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case.  *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 325 S.E.2d 535, 537–38 (S.C. 1985).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170–73 (4th Cir. 1977).

The petitioner has yet to exhaust at least three viable state court remedies — his pending SCDC grievance, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in a post-conviction case.  This court should not keep this case on its docket while the petitioner is exhausting his state court remedies.  *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

Accordingly, based on the foregoing, it is recommended that the Section 2241 Petition be dismissed *without prejudice* and without requiring the respondent to file an Answer or return.  It is also recommended that the District Court

deny a Certificate of Appealability. The petitioner's attention is directed to the Notice on the next page.


March 9, 2015                                   s/Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).